**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

**Katherine Littlejohn,**

*Plaintiff,*

  v.           **Case No. 3:16-cv-00350**
                 **Judge Thomas M. Rose**

**Montgomery County Treasurer**

*Defendant.*

---

**ENTRY AND ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION TO DISMISS, ECF. 8.**

---

Plaintiff Katherine Littlejohn filed a First Amended Complaint against Defendant Montgomery County Treasurer for Title VII Retaliation, Retaliation pursuant to Ohio Revised Code §4112.02, Race Discrimination resulting in a failure to promote, and Constructive Discharge (ECF. 7). Pending before the Court is Defendant's Motion to Dismiss these claims (ECF. 8). Defendant requests that the Court dismiss Plaintiff's claims for a failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF. 8). Because the *Twombly* pleading standard is only plausibility, the Court will deny in part and grant in part.

## I.  <u>INTRODUCTION</u>

According to the First Amended Complaint, Plaintiff Katherine Littlejohn ("Ms. Littlejohn"), an African American female, was employed by Defendant Montgomery County

1

Treasurer's office ("Defendant") starting in December 2004, and ending at some point in the second half of 2016 (ECF.7, pg. 2). During her time of employment, Ms. Littlejohn held various positions including "Supervisor" and "Analyst 2" (ECF. 7, pg. 3). In February 2014, Ms. Littlejohn claims to have reported to her supervisor, Georgia Johnson, that a female co-worker was consistently talking about her own breasts. Ms. Littlejohn alleges the conversations that her co-worker was having made her feel uncomfortable because she believed it was inappropriate for the work environment (Id.). After getting what she considered to be an unsatisfactory response from her direct supervisor, Ms. Littlejohn then relayed the complaint to Paul Robinson, a supervisory member of the administration (Id.). As before, she told the supervisor that the repeated discussion of breasts was inappropriate for the workplace (Id.). According to Ms. Littlejohn, Robinson said, "people are saying that Georgia [Johnson] is treating you differently. Why don't you quit?" (Id.).

Following the conversations with her superiors, Ms. Littlejohn claims that she suffered retaliation in the form of verbal and physical harassment from co-workers, as well as verbal and physical harassment from her supervisor, Georgia Johnson (Id. at 4). Again, Ms. Littlejohn went to Paul Robinson to report the situation and tell him that she was being retaliated against. This time, according to the complaint, Robinson told her, "Stop making accusations or I will call the prosecutor's office," and "Don't come complaining to me if it doesn't have to do with money or a customer again." (Id.).

In June 2015, Littlejohn filed a complaint with the Equal Opportunity Employment Office regarding the harassment and retaliation (Id.).

She then filed a second complaint of discrimination with the Equal Opportunity Employment Office in December 2015 because she believed she did not receive a promotion due

to her race. (Id.). In 2015, Ms. Littlejohn applied for the position of "Assistant Treasurer" with a hand-delivered letter of interest to Paul Robinson (Id. at 7). After not hearing back from Robinson, she then emailed another letter of interest to Treasurer Rice (Id.). Ms. Littlejohn was not hired for the position, and ultimately it was filled by a Caucasian male, allegedly with less experience than the Plaintiff (Id.).

Finally, on May 13, 2016, Ms. Littlejohn was allegedly involved in an altercation with her supervisor, Georgia Johnson, while at work. Both parties screamed within inches of each other's face, and Ms. Littlejohn was placed on administrative leave.

## II.    MOTION TO DISMISS STANDARDS

Defendant, Montgomery County Treasurer, has filed a motion to dismiss Plaintiff Katherine Littlejohn's suit claiming that she has failed to plead sufficient facts in support of her Title VII and analogous state law claims. Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." In order to survive a motion to dismiss, the complaint must "contain sufficient factual matter… to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). See also *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The complaint does not need to establish a probability of success at further stages of the case, it needs only to give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Witte v. Rippe & Kingston Sys.*, 358 F. Supp. 2d 658, 661 (S.D. Ohio 2005). While a complaint attacked by a Fed. R. Civ. P. 12(b)(6) motion to dismiss does not require detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do…

Factual allegations must be enough to raise a right to relief above the speculative level."
*Twombly*, 550 U.S. at 548.

### III.    DISCUSSION

#### A.  Motion to Dismiss Title VII and State Retaliation Claims

In her complaint (ECF. 7) and subsequent briefs (ECF. 10), Plaintiff avers that as a result of reporting what she believed to be a co-worker's inappropriate sexual behavior to her supervisor, she was subjected to retaliation in the form of bullying, yelling, intimidation, reduced/poor evaluations, reduced responsibilities, and was placed on administrative leave.

In response, Defendant urges that Ms. Littlejohn has not done enough to survive this motion to dismiss. In their motion (ECF. 8), Defendant demands that Ms. Littlejohn make out a *prima facia* case for her federal and state law retaliation claims in order for them to survive. Defendant believes that Plaintiff must demonstrate that (1) she was engaged in activity protected by Title VII; (2) that she was the subject of adverse employment action; and (3) that there exists a causal link between this protected activity and the adverse action of her employer. *Jackson v. RKO Bottlers of Toledo, Inc.*, 743 F.2d 370, 375 (6th Cir. 1984). That standard is too exacting. An employment discrimination complaint, in order to survive a 12(b)(6) motion to dismiss, need not include such facts as to prove a *prima facia* case. Instead it must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2). *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002).

The Supreme Court in *Twombly* did not require a heightened pleading standard. It required a Plaintiff to state a plausible claim, and Ms. Littlejohn went beyond that in regards to her retaliation claims. On pages 3-4 of her complaint Ms. Littlejohn laid out factual allegations that raised the right to relief above the speculative level. She alleges that she went to her

supervisor with a complaint about inappropriate sexual behavior, and because of that she suffered retaliation (ECF. 7 pg. 3). This Court makes no findings or predictions about the outcome of this case moving forward, but does find that Ms. Littlejohn has shown "sufficient factual matter… to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Accordingly, Defendant's motion to dismiss the state and federal retaliation claims is **DENIED**.

### B. Motion to Dismiss Constructive Discharge Claim

Plaintiff also alleges that she was constructively discharged. "To demonstrate a constructive discharge, the plaintiff must adduce evidence to show that (1) the employer deliberately created intolerable working conditions, as perceived by a reasonable person, and (2) the employer did so with the intention of forcing the employee to quit." *Logan v. Denny's*, 259 F.3d 558, 559 (6th Cir. 2001) (quoting *Moore v. Kuka Welding Sys*., 171 F.3d 1073, 1080 (6th Cir. 1999)). Both the intent of the employer and the employee's objective feelings are to be considered. When determining whether the first prong is met, the Sixth Circuit has adopted seven factors to guide the analysis: (1) demotion; (2) reduction in salary; (3) reduction in job responsibilities; (4) reassignment to menial or degrading work; (5) reassignment to work under a younger supervisor; (6) badgering, harassment, or humiliation by the employer calculated to encourage the employee's resignation; or (7) offers of early retirement or continued employment on terms less favorable than the employee's former status. *Id*. at 569.

Turning to the analysis of the factors for this case, the Court finds that Ms. Littlejohn's complaint does not allege any facts that would even plausibly make a case for constructive discharge. At all times relevant to this case, Ms. Littlejohn was employed as an "Analyst 2," so there was no demotion (factor 1), and no allegations of a reduction in salary (factor 2), or of

reduction in job responsibilities (factor 3). There is also no allegation that she was assigned to do menial or degrading work (factor 4), and she was supervised by Georgia Johnson during the duration of the time in question, so she was not reassigned to work under a younger supervisor (factor 5). Additionally, there are no allegations of early retirement offers or continued employment on less favorable terms than was previously enjoyed (factor 7). Plaintiff does, however, allege some facts that could possibly be construed as badgering, harassing, or humiliating, but there is nothing offered to show that her employers engaged in those actions to encourage that she resign (factor 6). Even assuming *arguendo* that her employer did badger, harass, or humiliate her in order to produce a resignation, the manner in which Plaintiff describes circumstances to meet only one out of seven factors does not adequately demonstrate that a reasonable person would believe that her employer created *intolerable* working conditions.

Finding that Ms. Littlejohn cannot meet the first step of the constructive discharge analysis, there is no need to delve into step two, which is whether or not the employer created an intolerable work environment with the intention of forcing the employee to quit. *Id*. at 559. A complaint "should be dismissed for failure to state a claim only where 'it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief'" *Monette v. Electronic Data Sys. Corp*., 90 F.3d 1173, 1189 (6th Cir. 1996) quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Accordingly, Defendant's motion to dismiss the constructive discharge claim is **GRANTED**.


### C.  Motion to Dismiss Claim of Race Discrimination Resulting in a Failure to Promote

Defendant also contends that Ms. Littlejohn has not sufficiently pleaded a claim for failure to promote. To establish a failure to promote claim, a plaintiff must be able to show "(1)

she is a member of a protected class; (2) she applied for and was qualified for a promotion; (3) she was considered for and was denied the promotion; and (4) an individual of similar qualifications who was not a member of the protected class received the job at the time plaintiff's request for the promotion was denied." *White v. Columbus Metro. Hous. Auth.*, 429 F.3d 232, 240 (6th Cir. 2005). In the motion to dismiss, Defendant takes issue with Ms. Littlejohn's ability to meet these standards, but again, *Twombly* only requires plausibility. Plaintiff is an African American female, meeting the first element. According to the alleged facts in her complaint, Ms. Littlejohn hand delivered her application and letter of interest for the "Assistant Treasurer" position to one supervisor and then emailed the same to Treasurer Rice. (ECF. 7, pg. 6-7). Additionally, the fact that she was previously offered the job of "Assistant Treasurer" helps to establish that she could plausibly meet the second element (ECF. 7, pg. 3). The third element, (she was considered for and was denied the promotion), can plausibly be seen by the fact that after she hand delivered the application, she did not get the promotion, and the fourth element (a person who was not a member of a protected class received the job) can be seen with the Plaintiff's contention that a white male was offered the job.

Ms. Littlejohn will have to come forward with more evidence at a later stage of this process to be successful on her claim, but as an initial matter, to survive this 12(b)(6) motion to dismiss, she has reached the plausibility threshold required by *Twombly*. Accordingly, Defendant's motion is **DENIED**.

**CONCLUSION**

**GRANTING IN PART and DENYING IN PART**

Considering the facts of the complaint in the light most favorable to Ms. Littlejohn, the Court finds that she has stated claims to relief that is plausible on its face in regards to her Title

VII and state law retaliation allegations, as well as her race discrimination resulting in a failure to promote claim, thus the Court will **DENY** the Defendant's motion to dismiss (ECF. 8) as to those. However, because she has not stated a claim that meets the *Twombly* standard in regards to constructive discharge, the Court **GRANTS** Defendant's motion to dismiss.[1]


/s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

---

[1] The Court acknowledges the valuable contribution of judicial extern John M. Lintz in drafting this opinion.